IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CV627 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner currently held in pretrial detention pending charges in this Court in United States v. Tucker, No. 1:17CR221-1, submitted a request to proceed *in forma pauperis*, a Petition [Doc. #2] for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a Motion [Doc. #3] seeking to raise a Speedy Trial Act claim under 18 U.S.C. § 3161, and a "Motion under Case Law Brady v. Maryland" [Doc. #4]. In his Petition, he sets out four claims: (1) his Speedy Trial Act rights are being violated, (2) he should have been released pending disposition of his charges in this Court, (3) federal agents who searched his residence violated his constitutional rights during the search, and (4) the sentence he faces for his pending federal charges is excessive and constitutes cruel and unusual punishment. He repeats his Speedy Trial Act claim in his Motion to File under § 3161.

It has long been the law that "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be

granted in advance of a trial." Jones v. Perkins, 245 U.S. 390 (1918) (citing earlier cases). Therefore, "'"[w]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal.'" Benton v. Bailey, No. 3:11-cv-419-RJC, 2012 WL 1925883, at *2 (W.D.N.C. May 25, 2012) (unpublished) (quoting Meyers v. Mukasey, No. 3:08–cv–581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009)). Petitioner's first and fourth claims clearly fall into the category of claims that challenge his pending charges and must be raised in his pending criminal case. To the extent that Petitioner seeks to challenge his pending criminal charges based on the allegedly illegal search by federal agents, his third claim also constitutes an attack on those pending charges and must be raised in his criminal case.[1] Petitioner's challenge to his pretrial detention does not constitute an attack on the pending charges. However, that claim must also be raised in the pending criminal case under the procedures set out in the Bail Reform Act, 18 U.S.C. § 3145, not in a separate habeas petition. See Whitmer v. Levi, 276 F. App'x 217, 219 (3d Cir. 2008). Finally, Petitioner's "Motion under Case Law Brady v. Maryland" [Doc. #4] apparently seeks evidence in his criminal case under Brady v. Maryland, 373 U.S. 83, 87 (1963), and also includes other *pro se* filings related to his criminal case. These matters would need to be raised in the pending criminal case, not in a habeas case.

---

[1] To any extent that Petitioner seeks damages based on the allegedly illegal search, that claim would have to be filed as a civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

Thus, the Petition [Doc. #2] and Petitioner's Motions [Doc. #3, #4] should be dismissed without prejudice to him raising those claims as appropriate in his pending criminal case.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing his claims as appropriate in his pending criminal case.

This, the 25th day of September, 2017.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge